Liebman, Appellant, vs. Welsh, Respondent.

*January 13—February 9, 1915.*

*Negligence: Collision between motorcycle and vehicle.*

In an action for injuries sustained in a collision between plaintiff's motorcycle and defendant's vehicle, a finding of the circuit court acquitting defendant of negligence is *held* not to be against the preponderance of the evidence.

Appeal from a judgment of the circuit court for Brown county: S. D. Hastings, Circuit Judge. *Affirmed.*

Plaintiff brought this action to recover damages from the defendant for personal injuries and damage to his clothing

and motorcycle, alleged to have been sustained as a result of a collision with a vehicle driven by the defendant. The complaint alleged that on October 17, 1912, plaintiff was riding a motorcycle in an easterly direction on Main street in the city of Green Bay; that the defendant was driving a horse and carriage in the same direction, a short distance in front of the plaintiff; that as defendant approached the corner of Monroe avenue and Main street he turned his horse suddenly to the left to go north on Monroe avenue; that plaintiff was about to pass to the left of the defendant, and that owing to the sudden turn to the north his motorcycle collided with the carriage, throwing him to the pavement; that the collision was the result of the defendant's negligence in turning the corner before reaching the easterly side of Monroe avenue, in violation of an ordinance of the city of Green Bay providing that a vehicle turning to the left into another street shall pass to the right of the road and beyond the center of the street intersection before turning. By his answer the defendant denied the allegations of the complaint charging him with responsibility for the accident, and alleged negligence on the part of the plaintiff, in that he was running his motorcycle at an excessive and dangerous rate of speed, in violation of the city ordinance. The action was commenced in justice's court, where plaintiff recovered damages to the amount of $17.50. An appeal was taken to the circuit court, where, by agreement of the parties, the case was tried *de novo* on the record from the justice's court. The circuit court found that the evidence failed to show negligence on the part of the defendant and ordered judgment dismissing the complaint. Plaintiff appeals from a judgment entered in accordance with such direction.

*A. McComb,* for the appellant.

For the respondent there was a brief by *Greene, Fairchild, North, Parker & McGillan,* and oral argument by *John W. Gauerke.*

BARNES, J.   The finding of the circuit court acquitting the defendant of negligence is not against the preponderance (much less the clear preponderance) of the evidence, and the judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.